UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BEATRIZ P.,[1]<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ACTING COMMISSIONER OF SOCIAL SECURITY, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-02608-PHK<br><br>**ORDER TO SHOW CAUSE** |

This is a Social Security appeal filed by Plaintiff Beatriz P. ("Plaintiff") against the Acting Commissioner of the Social Security Administration ("Commissioner") pursuant to 42 U.S.C. § 405(g). [Dkt. 1]. Defendant has consented to proceed before a United States Magistrate Judge for all purposes, including the entry of a final judgment under 28 U.S.C. § 636(c). [Dkt. 5]. The matter is presently before the Court regarding Plaintiff's failure to comply with the Court's Procedural Order and deadline for filing an opening brief. Plaintiff commenced this action on March 17, 2025, by filing a form Social Security Complaint. [Dkt. 1]. On March 19, 2025, the Clerk issued the Court's standard Procedural Order for Social Security appeals, setting forth the mandatory schedule and deadlines governing this case. [Dkt. 4]. Among other things, the Procedural Order requires that Plaintiff "must file and serve on the Commissioner a brief for the requested relief within 30 days after the answer is filed." *Id.*

---

[1] In actions involving requested review of a decision by the Commissioner of the Social Security Administration, the Court generally uses the first name and initial of last name (or just the initials) of the plaintiff in the Court's public Orders out of an abundance of caution and out of regard for the plaintiff's potential privacy interests.

On May 19, 2025, the Commissioner answered the Complaint by filing a certified copy of the administrative record. [Dkt. 7]. Pursuant to the Procedural Order entered in this case, Plaintiff's opening brief was therefore due June 18, 2025. See Dkt. 4; see also Fed. R. Civ. P. 6(a).

On July 10, 2025, the Court issued an Order to Show Cause on Plaintiff as to why Plaintiff had not filed her opening brief. [Dkt. 8]. On July 29, 2025, Plaintiff filed a response to the Order to Show Cause and contemporaneously moved for an extension of time to file the brief. [Dkts. 12 and 14]. The Court granted the request to extend the time to file the brief. [Dkt. 13]. Plaintiff's opening brief was due August 18, 2025. To date, Plaintiff has not filed her opening brief. Nor has Plaintiff sought an extension of the deadline to do so from this Court.

The Court has authority under Federal Rule of Civil Procedure 41(b) to dismiss an action if a plaintiff fails to prosecute the case or fails to comply with Court Orders. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that a court may *sua sponte* dismiss an action pursuant to Rule 41(b)); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions, including, where appropriate, . . . dismissal of a case.'"). So far, the record demonstrates that Plaintiff here has failed to prosecute this action by failing to file their opening brief, and Plaintiff has failed to comply with the Court's Procedural Order entered in this case. Accordingly, the Court find and hereby provides **NOTICE** that Plaintiff's failure to prosecute this action and comply with the Procedural Order deadline is grounds for the dismissal of this case, in its entirety, in the absence of any justification for that failure. The Court nevertheless exercises its discretion and inherent authority, and in lieu of ordering dismissal of this case at this time, the Court issues this Order to Show Cause.

Accordingly, **IT IS HEREBY ORDERED THAT:**

On or before **September 12, 2025**, Plaintiff **SHALL** file a response with the Court which explains and shows cause in writing why the Court should not dismiss this case due to Plaintiff's failure to prosecute and failure to comply with the Procedural Order's deadline for filing her

opening brief. Instead of a response to this Order which shows cause to explain the failures noted above, Plaintiff may simply file her opening brief in this case on or before **September 12, 2025**. Such opening brief, if timely filed, will automatically discharge this Order to Show Cause without the need for Plaintiff to file a separate response to this Order.

The Court hereby provides Plaintiff **NOTICE** that failure to comply with this Order to Show Cause, as directed herein, may result in further negative consequences for this action, up to and including dismissal of this action, in its entirety, pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August 27, 2025

PETER H. KANG
United States Magistrate Judge